08-2949-ag
Lunaj v. Holder

BIA
Chase, IJ
A95 429 818

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of February, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*.

_____

GJERGJ LUNAJ,
> *Petitioner*,

v.

ERIC H. HOLDER JR.,
UNITED STATES ATTORNEY GENERAL,[1]
> *Respondent*.

_____

No. 08-2949-ag
NAC

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR PETITIONER:        Joshua Bardavid, New York, New York.

FOR RESPONDENT:        Gregory G. Katsas, Assistant Attorney
                       General, Civil Division, Francis W.
                       Fraser, Senior Litigation Counsel, Linda
                       Y. Cheng, Law Clerk, U.S. Department of
                       Justice, Office of Immigration Litigation,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gjergj Lunaj, a native and citizen of Albania, seeks review of a May 21, 2008 order of the BIA affirming the November 16, 2006 decision of Immigration Judge ("IJ") Jeffrey S. Chase denying Lunaj's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gjergj Lunaj*, No. A95 429 818 (B.I.A. May 21, 2008), *aff'g* No. A95 429 818 (Immig. Ct. N.Y. City, Nov. 16, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007). We review *de novo* questions of law. *See Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir. 2005).

We conclude that the agency properly found that there has been a fundamental change of circumstances in Albania sufficient to rebut any presumption of persecution that Lunaj may have had. The regulations provide that an applicant who has established past persecution shall be presumed to have a well-founded fear of persecution. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1)(i) (providing a presumption of a likelihood of persecution for applicants for withholding of removal). That presumption, however, may be rebutted by a showing that circumstances in the applicant's home country have fundamentally changed so as to negate his fear of persecution. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(A), 1208.16(b)(1)(i)(A).

-2-

Even assuming, *arguendo*, that Lunaj had been credible and had established that he suffered past persecution, thereby creating a rebuttable presumption of a well-founded fear of persecution, the IJ properly denied Lunaj's applications for asylum and withholding of removal based on his finding that conditions in Albania had fundamentally changed. The IJ correctly found that the Democratic Party ("DP"), the party Lunaj claimed to support, won control of Albania in July 2005, and had gained a majority of seats in Parliament. *See Latifi v. Gonzales*, 430 F.3d 103, 106 n.1 (2d Cir. 2005) (taking judicial notice of the fact that the DP returned to power in Albania through general elections in July 2005). As the record indicates, of the 100 deputies that were elected to Parliament in 2005, 55 were from the DP.

While Lunaj argues that the IJ failed to consider his personal circumstances in evaluating his claimed fear of persecution, he cites to no evidence to support his argument. The portion of the U.S. country report to which he cites indicates that police corruption continues to be a problem in Albania, but the report makes no mention of socialists continuing to persecute DP supporters. Lunaj argues that he was attacked by the police in the past, and that he continues to fear persecution from them because of their corrupt practices. However, as the IJ found, Lunaj's father testified that the Albanian court had issued a letter indicating that the government had no further interest in prosecuting Lunaj. Because Lunaj fails to demonstrate why the police have any reason to target him, his argument is too speculative to merit relief. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).[2]

Lunaj makes the bare assertion that he is likely to be tortured upon return to Albania. However, he fails to demonstrate that someone in his particular circumstances would be subject to torture by or with the acquiescence of the Albanian government or its agents. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003); 8 C.F.R. § 1208.18(a)(1). Accordingly, his CAT claim fails.

_____

[2]Because the finding of fundamentally changed country conditions is dispositive of Lunaj's applications for asylum and withholding of removal, we need not consider his challenge to the IJ's adverse credibility determination.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk